IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DONNELL BROWN, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:10-CV-32 (CDL) |
| | * | 28 U.S.C. § 2254 |
| WILLIAM TERRY, Warden, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondent's Motion to Dismiss Petition as Untimely (Doc. 6). For the reasons described below, it is recommended that Respondent's Motion be granted.

## BACKGROUND

On April 12, 2001, Petitioner was convicted of armed robbery and possession of a firearm during the commission of a crime. (Doc. 1 at 1.) After his trial, Petitioner also pled guilty to possession of a firearm by a convicted felon. (Doc. 6-2 at 1.) Petitioner was sentenced to twenty-five years plus five years probation. (Doc. 1 at 1.)

Petitioner directly appealed his conviction and sentence, which were affirmed by the Georgia Court of Appeals on June 18, 2004. (Doc. 1 at 2.) On December 12, 2005, Petitioner's state habeas corpus petition was likewise denied. (Doc. 6-2 at 1-2.) Petitioner appealed the state habeas decision to the Georgia Supreme Court without applying for a certificate of probable cause. The Georgia Supreme Court dismissed his appeal on October 31, 2006, for failure to adhere to the proper appellate procedure. (*Id.* at 2.) On December

29, 2009, Petitioner executed an application for federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). This petition was filed with the Court on March 15, 2010. On May 17, 2010, Respondent Answered Petitioner's petition and contemporaneously filed his Motion to Dismiss claiming the petition was filed outside the one year limitations period under 28 U.S.C. § 2244(d). Although Petitioner was notified of the Motion to Dismiss and of his right to respond to said Motion (Doc. 7), Petitioner has filed no response.

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336, 1339 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final."* The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By final*,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708.

*Id*. at 1338.

Here, the limitations period has expired and Petitioner's petition is untimely. Assuming that Petitioner's conviction was not final until October 31, 2006,[1] when the Supreme Court ultimately dismissed his appeal of the state habeas decision for failure to follow proper appellate procedures, Petitioner would have had until October 31, 2007 to file his petition for habeas relief. Petitioner waited over two years from that date before executing a petition for a federal writ of habeas corpus on December 29, 2009. Even giving the Petitioner every benefit of the doubt, Petitioner's application for federal habeas relief is

---

[1] The Court does not find that this is the date when Petitioner's judgment of conviction was final, but is merely noting this date as the last date upon which any appellate or state habeas action was previously taken.

well outside the 28 U.S.C. § 2244(d) one year limitations period. As such, the petition is untimely and should be dismissed.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petition as Untimely be GRANTED, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED,** this 16th day of July, 2010.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

agh